UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CELESTE BROWN,

        Plaintiff,

    - against -

PAUL J. COOPER FOR HUMAN
SERVICES, INC.,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
17-CV-6104 (PKC)(PK)

PAMELA K. CHEN, District Judge:

Plaintiff, proceeding *pro se*, commenced this action against her former employer, Defendant Paul J. Cooper for Human Services, Inc., a residential home for the mentally disabled, alleging employment discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 *et seq.* ("Title VII"). The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) solely for the purpose of this Order, and directs Plaintiff to submit an amended complaint within thirty (30) days of the date this Order.

## BACKGROUND

Plaintiff commenced this action by filing a form complaint for employment discrimination actions and checking the box to initiate an action under Title VII.[1] (Compl., Dkt. 1, at ECF[2] 3.) Plaintiff states that the basis of the alleged discrimination is "gender/sex", but does not provide

---

[1] Plaintiff also checked the box for "other federal law," but identified "Retaliation" as the specific federal law that was violated. Retaliation is a type of discriminatory conduct covered under Title VII, not a separate federal employment discrimination law.

[2] "ECF" refers to the pagination generated by the CM/ECF system, and not the document's internal pagination.

1

further explanation. (Dkt.1, at ECF 4.) She checked the boxes indicating that Defendant terminated her employment and retaliated against her. *Id.* In the space to describe the facts of her case, Plaintiff alleges that she complained to her employer: (1) in May 2016, "regarding their verbal and physically suggestive employment discriminatory practices;" (2) in August 2016, "after employees continued to harass the plaintiff;" and (3) in October 2016, "about employment and unfair labor practices." (Dkt. 1, at ECF 7.) Plaintiff alleges that the employer retaliated against her and "illegally [withheld] the plaintiff[']s earnings" in October 2016, alleging that her termination in November 2016 was in retaliation for her complaints, not the incident to which the employer cited as the reason. *Id.* She also alleges that Defendant did not properly train its employees or properly pay her. (Dkt. 1, at ECF 8.) Her complaint does not include any factual allegations about how Plaintiff's termination or alleged retaliatory treatment was based on her gender and/or sex.

## STANDARD OF REVIEW

A complaint filed *in forma pauperis* may be dismissed "at any time" upon determination that the action "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In evaluating whether a pleading states a claim for relief, "'a court must accept as true all factual allegations contained in a complaint,' but need not accept 'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements'." *Lanier v. Bats Exch., Inc.,* 838 F.3d 139, 150 (2d Cir. 2016) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)). Moreover, the "[f]actual allegations must be enough to raise a right to relief above the

speculative level," and to nudge a plaintiff's claims "across the line from conceivable to plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 545, 555, 570 (2007).

*Pro se* complaints, like other pleadings, must contain sufficient factual allegations to meet the plausibility standard. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Thus, a court must read a *pro se* complaint to raise the strongest claims it suggests. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," the Court must grant leave to amend it at least once. *See Cuoco v. Moritsugu,* 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

**DISCUSSION**

Title VII provides: "It shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). In order to establish a Title VII violation, Plaintiff is required to plausibly allege facts that "provide 'at least minimal support for the proposition that the employer was motivated by discriminatory intent.'" *Vega v. Hempstead Union Free Sch. Dist.,* 801 F.3d 72, 84–85 (2d Cir. 2015) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015)). At the pleading stage, a plaintiff has only a "minimal burden" of alleging facts suggesting an inference of discriminatory motivation. *Vega*,

3

801 F. 3d at 85 (quoting *Littlejohn*, 795 F.3d at 310). A plaintiff must allege only "that the employer took adverse action against her at least in part for a discriminatory reason, and she may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

However, Plaintiff's complaint fails to state a claim under any of these provisions. Although Plaintiff has identified herself as a member of a protected class based on gender/sex, she has not presented any facts indicating that Defendant discriminated against her on that basis. Plaintiff's "mere subjective belief that [s]he was discriminated against . . . does not sustain a . . . discrimination claim." *Sethi v. Narod*, 12 F. Supp. 3d 505, 536 (E.D.N.Y. 2014) (internal citations and quotation marks omitted). "Hostility or unfairness in the workplace that is not the result of discrimination against a protected characteristic is simply not actionable." *Nakis v. Potter*, No. 01 Civ. 10047, 2004 WL 2903718, at *20 (S.D.N.Y. Dec. 15, 2004) (citing *Brennan v. Metro Opera Ass'n*, 192 F.3d 310, 218 (2d Cir. 1999)). Because Plaintiff has not adequately alleged facts that she was discriminated against on the basis of her membership in a protected class, her claims under Title VII fail to state a claim for relief and must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Should Plaintiff wish to pursue an employment discrimination claim against her former employer, she may submit an amended complaint alleging facts that support her claim or claims.

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim. Plaintiff is granted leave to file an amended complaint within thirty (30) days from the date of this Order. The new complaint should be captioned as an

"Amended Complaint," and use the same docket number as this Order. Any amended complaint completely replaces the Original Complaint. If Plaintiff again fails to plead sufficient facts in her amended complaint, or if she fails to file an amended complaint within 30 days, she will not have another opportunity to re-plead, and the Court will enter judgment. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: January 30, 2018
      Brooklyn, New York